By the Court.
This is a proceeding in mandamus. The cause was heard on demurrer to the petition, from which it is shown that the relator is a judge of the court of appeals of the Seventh Appellate District, having been elected in November, 1914, for the term of six years; that at the time he entered on his duties the annual salary of such judge was six thousand dollars; that on February 4, 1920, Section'2251, General Code, was amended and the annual salary of a judge of a court of appeals was fixed at eight thousand dollars; and that said section as so amended went into effect on the 25th of May, 1920. Relator claims that since that date he is entitled to the incréased salary. In support of his demurrer the respondent rests upon Section 20, Article II of the Constitution, viz.: “The general assembly, in cases not provided for in this constitution, shall fix the term of office and •the compensation of all officers; but' no change *491 therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
It is of course conceded that the amended Section 2251 is a valid enactment, but it is contended that by reason of the constitutional provision just quoted it can apply only to judges whose terms begin after it is in effect.
It is insisted by the relator that the provisions of Section 20, Article II, have no application to an office created by the constitution; and that the authority to fix the salary of judges of the courts of appeals is found in the general grant of legislative power and not in Section 20, Article II.
It is undoubtedly true that the authority of the legislature to fix the terms of office and compensation of officers (where those matters are not provided for in other provisions of the constitution) is found in the general grant of legislative power contained in Section 1, Article II of the Constitution. As said in State, ex rel., v. Howe, 25 Ohio St., 588, at page 598: “This section (Section 20, Article II) simply imposes upon that body the duty of exercising the power so granted, and forbids any change in the salary of an officer during his existing term so fixed, unless the office be abolished.”
The provisions of Section 20, Article II, are clear and comprehensive, and the exercise of the power granted must be in compliance with its requirements. There is nothing to indicate that the provision “no change therein shall affect the salary of any officer during his existing term” shall not apply to offices created by the constitution. The language is “The general assembly, in cases not *492 provided for in this constitution, shall fix the term of office and the compensation of all officers.” It is obvious that the word “cases” is used here, in the sense of “instances” and the language expressly comprehends all officers; that is, where the constitution does not fix the term or the salary the general assembly shall do so. But it is insisted that Section 14, Article IV, the judicial article, by providing that the compensation of the judges of the supreme court and common pleas court shall not be diminished or increased during their term of office, permits the salary of other judges to be increased or diminished, and attention is directed to the case of Fulton v. Smith, 99 Ohio St., 230, in support of that view. That case concerned the validity of votes cast for an incumbent of the office of probate judge,, for an elective office other than a judicial one. The constitutional inhibition against such votes expressly applied to judges of the supreme court and the court of common pleas. It was held that under rules which are familiar and sanctioned by experience it must be presumed that when the makers of the constitution took up and considered the subject and specified the two courts as to which the prohibition should apply, they intended that as to the judges of other courts no such prohibition should be made. At the time of the adoption of Section 14, Article IV, the constitution provided for probate courts, but at that time the constitution did not provide for courts of appeals. The constitutional convention, therefore, could not have had the courts of appeals in mind. There is no express mention, and there is no ground *493 for implication of intention, for there was no such court. The maxim “expressio unius.est exclusio alterius” is one that may be properly invoked to aid in arriving at the intention of the makers of an instrument, but may not be invoked to defeat that intention. State v. Cleveland, 83 Ohio St., 61.
The question is, What was the intention of the constitution-makers at the time Section 14, Article IV, was adopted? We can conceive of no process of reasoning by which it could be said that the constitution-makers intended by Section 14, Article IV, to give assent to the increase of salaries, during the term, of incumbents of judicial positions not then in existence. And in this connection it must be remembered that in case of Fulton v. Smith, supra, the construction of Section 14, Article IV of the Constitution, was the sole question involved. There is no other provision of the constitution relating to the validity of votes which may be cast for judicial officers for any elective office other than a judicial office. But in this case there is an express provision in Section 20, Article II, which directly prohibits the application of a statute which increases the salary of any officer during his term of office. We are admonished that the court shall not by implication extend a provision of the constitution so as to disregard an express provision.
The demurrer must be sustained and the writ refused.

Writ refused.

Jones, Matthias, Johnson, Hough, Wanamaker and Robinson, JJ., concur.